```
           UNITED STATES DISTRICT COURT FOR THE
                 DISTRICT OF NEW HAMPSHIRE
```

Property Portfolio Group, LLC

    v.                                                    Civil No. 08-cv-270-JD
                                                        Opinion No. 2008 DNH 200

Town of Derry, Robert Mackey,
George Sioras and John Does 1-20

## O R D E R

The plaintiff, Property Portfolio Group, LLC ("PPG"), brought suit in state court against the town of Derry, New Hampshire; Robert Mackey, Derry's Code Enforcement Officer; George Sioras, Derry's Planning Director, and John Doe defendants, alleging state law claims and constitutional claims under 42 U.S.C. § 1983. The defendants removed the case to this court and moved to dismiss PPG's amended complaint. PPG objects.

## Standard of Review

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court assumes the truth of the well-pleaded facts, taking them in the light most favorable to the non-moving party. Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008). Although a plaintiff need not provide detailed factual allegations to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement

to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks and brackets omitted); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007); accord Thomas, 542 F.3d at 948.  A plaintiff's allegations, therefore, must demonstrate "a plausible entitlement to relief," Thomas, 542 F.3d at 948 (internal quotation marks omitted), and must "give the defendant fair notice of what the claim is and the grounds upon which it rests," Erickson, 127 S. Ct. at 2200 (internal quotation marks and ellipsis omitted).

## Background

The following facts are taken from PPG's first amended complaint (document no. 14).  PPG owns a multi-family residential building at 7 Central Street in Derry, New Hampshire.  The property is zoned within the central business district, which requires a residential buffer zone between abutting non-residential and residential uses.  The property at 7 Central Street is abutted on the north by 32 West Broadway, and on the south by 9 Central Street.  The town's fire station was located at 32 West Broadway until 2004, when the town sold the property. A residence was located at 9 Central Street until 1997, when its

owner, The Halcyon Club ("Halcyon"), razed the building and converted the property into a parking lot. A buffer was never installed on that portion of 9 Central Street which abutted 7 Central Street when the parking lot was created.

In 2005, PPG requested that Robert Mackey, the town's Code Enforcement Officer, enforce the buffer requirement between PPG's property and 9 Central Street. Mackey refused, and PPG appealed his decision to the town's Zoning Board of Adjustment ("ZBA"). The ZBA refused to hear the case, finding that it lacked jurisdiction. PPG alleges that it appealed to the Rockingham Superior Court, which remanded the case back to the ZBA, ordering it to grant PPG a hearing on the buffer issue.[1]

On remand, the ZBA upheld Mackey's refusal to require a residential buffer, and PPG again appealed to the superior court. PPG alleges that the court remanded the case to the ZBA a second time, ordering it to require Halcyon to install a buffer on the portion of its property which abuts 7 Central Street. Halcyon

---

[1] Many of the decisions of the New Hampshire courts in this case are unpublished and were not provided to the court. PPG makes several representations regarding the outcomes of these cases, representations which the defendants do not dispute in their motion to dismiss. For purposes of the motion to dismiss only, the court accepts the holdings of the state court decisions as stated by PPG in its amended complaint.

3

appealed to the New Hampshire Supreme Court, which PPG alleges affirmed the superior court's decision in an unpublished opinion.

PPG then filed a motion for contempt, and the ZBA instructed Mackey to enforce the 20-foot buffer requirement on 9 Central Street. Halcyon installed the buffer, which was less than 20 feet and did not provide for sufficient erosion control. In installing the buffer, Halcyon caused damage to PPG's property. PPG filed a second motion for contempt with the superior court.[2] PPG alleges that Halcyon has indicated that it intends to seek "a waiver of the court orders" before the town's planning board. Amended Complaint ("Amend. C."), ¶ 40.

In 2004, the town charged George Sioras, the town's Planning Director, with finding a buyer for 32 West Broadway. Hall Business Restorations, LLC ("Hall") offered to purchase the property for the purposes of operating a bar and restaurant. The property, however, could not accommodate parking for the proposed use, and Halcyon agreed to allow Hall to use the parking lot at 9 Central Street. In May of 2005, the town's planning board granted Hall approval to use 32 West Broadway as a bar and restaurant, based upon Sioras's recommendation. Approval was

---

[2]PPG alleges that a hearing was held on its motion before the superior court on September 26, 2008. The parties have not informed the court of the outcome of this hearing.

conditioned upon Hall submitting a landscape plan which provided for a residential buffer between 32 West Broadway and 7 Central Street.  In September of 2005, after the sale of 32 West Broadway was completed, Hall removed the existing natural buffer between its property and 7 Central Street and did not install a residential buffer in its place.

   PPG filed a petition in Rockingham Superior Court against the town, challenging the planning board's approval of Hall's proposal.  The court dismissed PPG's petition for lack of jurisdiction because the petition was filed outside the 30-day deadline for an appeal of a planning board decision.  See N.H. Rev. Stat. Ann. 677:15.  The New Hampshire Supreme Court affirmed the superior court's decision.  See Property Portfolio Group, LLC v. Town of Derry, et al. ("Portfolio I"), 154 N.H. 610, 613 (2006).  During this time, PPG brought a separate enforcement action against Hall in Hillsborough Superior Court.  The court dismissed the case, citing the Supreme Court's decision in Portfolio I.  PPG appealed, and in an unpublished decision, the Supreme Court reversed and remanded the case to the superior court on the ground that the issue in Portfolio I was limited to the planning board's approval of Hall's proposal.

   On May 13, 2008, the superior court issued an order requiring Hall and its successors to immediately install a 20-

foot buffer.  This decision was not appealed.  Wells Fargo Foothill/Avatar Income Fund, LLC ("Wells Fargo") is Hall's successor and an intervener in the state court proceedings.  PPG alleges that Wells Fargo contacted the defendants to discuss obtaining a variance from the buffer requirement.  Wells Fargo failed to install the buffer, and PPG filed a motion for contempt with the superior court.[3]  PPG alleges that it also requested Mackey to enforce the buffer requirement against Wells Fargo.  Mackey did not respond, and PPG appealed to the ZBA.  The ZBA found that it lacked jurisdiction to hear the case, and PPG appealed to the superior court.[4]

On May 20, 2008, PPG filed suit against the defendants in Rockingham Superior Court (Case No. 08-C-429), alleging state and federal law claims.  The defendants removed the case to this court on July 7, 2008, and PPG filed an amended complaint on September 4, 2008.  PPG's amended complaint alleges that the defendants allowed the owners of 32 West Broadway to remove the natural buffer between the property and 7 Central Street, dump rubble up to and over the boundary line with 7 Central Street,

---

[3] PPG does not explain what happened in the superior court on its motion for contempt.

[4] PPG has not explained what happened in the superior court after this point.

install a utility pole on the property line in front of the door to an apartment on 7 Central Street, store snow on the property in such a way as to cause run-off onto 7 Central Street, install inadequate drainage, and locate a dumpster within a few feet of the boundary line.  PPG also alleges that the defendants refused to enforce a buffer on 9 Central Street and allowed Halcyon to park vehicles along the boundary of the property with 7 Central Street.

## Discussion

In its amended complaint, PPG alleges state law claims of trespass, negligence, and inverse condemnation.  Its federal claim is brought pursuant to § 1983.  The defendants move to dismiss the § 1983 claim on the grounds that PPG failed to allege a municipal custom or practice to support its claim against Derry, that PPG failed to allege the lack of a post deprivation remedy in support of its procedural due process claim, that the allegations do not support a substantive due process claim, that PPG has not alleged an equal protection violation, and that PPG failed to allege an unconstitutional taking.  The defendants argue that PPG's state law claims must be dismissed because they were adjudicated in state court and are therefore barred by res judicata.

I.   Federal Claims

Count four of PPG's amended complaint asserts a § 1983 claim against the defendants. 42 U.S.C. § 1983, in and of itself, "does not endow plaintiffs with any substantive rights." Clark v. Boscher, 514 F.3d 107, 112 (1st Cir. 2008). To recover under § 1983, the plaintiff must prove that it was deprived of a federal right, which was "carried out by persons acting under color of state law." Id. In addition, to recover against a government entity such as a town, the plaintiff must also prove that the entity was "a moving force behind the deprivation" – that is, the deprivation was a result of the entity's "policy or custom." Kentucky v. Graham, 473 U.S. 159, 166 (1985)(internal quotations omitted).

PPG's amended complaint fails to precisely allege any violation of a federal right which is supported by facts. Rather, PPG makes broad and often vague references to constitutional claims. Under normal circumstances, the court would grant the defendants' motion to dismiss for these failings on the ground that PPG has failed to provide the defendants with "fair notice" of its claims and the "grounds upon which [they] rest[]." Erickson, 127 S. Ct. at 2200. In their motion to dismiss, however, the defendants address certain constitutional

arguments they believe PPG asserted in its amended complaint, including claims for substantive and procedural due process violations, an equal protection violation, and an unconstitutional taking.  In its objection to the defendants' motion to dismiss, PPG argues only that its complaint sufficiently alleges substantive and procedural due process claims.[5]  The court, therefore, will examine PPG's well-pleaded facts only to determine whether they demonstrate violations of their substantive and procedural due process rights under the Fourteenth Amendment.

   A.   Due Process

   "The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving a person of 'life, liberty, or property, without due process of law.'"  Pagan v. Calderon, 448 F.3d 16, 32 (1st Cir. 2006) (quoting U.S. Const. amend. XIV, § 1).  "This guarantee has both substantive and procedural components."  Pagan, 448 F.3d at 32.  "Procedural due process requires that the procedures provided by the state in effecting the deprivation of liberty or property are adequate in light of

---

[5] PPG also makes numerous new factual allegations which were not included in its amended complaint.  The court will not accept as true those facts which were not included in the complaint in ruling upon the motion to dismiss.

the affected interest. Substantive due process, however, imposes limits on what a state may do regardless of what procedural protection is provided." Pittsley v. Warish, 927 F.2d 3, 6 (1st Cir. 1991); see also Pagan, 448 F.3d at 32 ("The substantive due process guarantee does not, however, serve as a means of constitutionalizing tort law so as to 'impos[e] liability whenever someone cloaked with state authority causes harm.'" (quoting County of Sacramento v. Lewis, 523 U.S. 833, 848 (1998)).

### 1. Substantive Due Process

To prove a substantive due process violation, a plaintiff must show "both that the acts [of the defendants] were so egregious as to shock the conscience and that they deprived him of a protected interest in life, liberty, or property."[6] Pagan, 448 F.3d at 32 (emphasis in original) ("'[C]onscience-shocking conduct is an indispensable element of a substantive due process challenge to executive action.'" (quoting DePoutot v. Raffaelly,

---

[6]The court questions whether PPG has a constitutionally protected property interest, or a property interest recognized by state law. PPG has failed to specifically identify the property interest it is asserting. However, the defendants do not argue this point and the court will assume, without deciding, and only for purposes of the motion to dismiss, that PPG has a protected property interest in the buffer.

424 F.3d 112, 118 n.4 (1st Cir. 2005)).  "[T]he conventional planning dispute – at least when not tainted with fundamental procedural irregularity, racial animus, or the like – . . . is a matter primarily of concern to the state and does not implicate the Constitution."  Creative Environments, Inc. v. Estabrook, 680 F.2d 822, 833 (1st Cir. 1982).  "[The First Circuit has] left the door slightly ajar for federal relief in truly horrendous situations [and] . . . the threshold for establishing the requisite 'abuse of government power' is a high one indeed."  Nestor Colon Medina & Sucesores, Inc. v. Custodio, 964 F.2d 32, 45 (1st Cir. 1992).  The defendants' conduct "must at the very least be extreme and egregious, or, put another way, truly outrageous, uncivilized, and intolerable."  Pagan, 448 F.3d at 32 (internal quotations and citations omitted).

   In an effort to meet this high standard, PPG alleges that the defendants "have set themselves . . . above the law" (Amend. C., ¶ 49) by continued failure to comply with state court orders, counseling the abutting landowners on how to avoid the state court orders, and conspiring to reduce the value of 7 Central Street in order to put PPG out of business and use the property for parking.  The facts as alleged by PPG, however, do not support these claims.

With regard to 32 West Broadway, PPG alleges that:  Wells Fargo "has been in contact with the defendants and is planning on attempting to evade" the judgment of the state courts (id., ¶ 48); Mackey failed to "take action against the current owners of 32 West Broadway" to enforce the buffer (id., ¶ 45, 46); and the ZBA declined to accept an appeal from Mackey's decision on the ground that it did not have jurisdiction.  With regard to 9 Central Street, PPG alleges that:  Mackey refused to enforce the buffer requirement; the ZBA found that it did not have jurisdiction to hear an appeal from Mackey's decision; upon remand from the superior court, the ZBA then upheld Mackey's decision, which was ultimately reversed by the state courts;[7] the ZBA then instructed Mackey to enforce the buffer requirement; Mackey met with Sioras and Halcyon to discuss ways to evade the decisions of the courts; and Halcyon plans to appeal the courts' orders to the planning board, "with the encouragement" of Mackey and Sioras (id., ¶ 40).

The facts as alleged by PPG, although suggesting potentially inappropriate activities, are insufficient to meet the "shocks the conscience" standard with regard to the conduct of the defendants in this case.  PPG has not alleged facts which show a

---

[7]PPG alleges that the superior court's reversal was affirmed by the Supreme Court.

12

"fundamental procedural irregularity, racial animus, or the like" which would elevate the defendants' conduct to the level of egregiousness required for a violation of PPG's substantive due process rights. Creative Environments, 680 F.2d at 833. The only allegation that comes close is that Sioras and Mackey met with Halcyon to determine how the state courts' decisions could be evaded. Assuming that to be true, their conduct is not sufficiently egregious to establish a violation of substantive due process, particularly where the ZBA ultimately ordered Mackey to enforce the buffer requirement, and a buffer was installed by Halcyon.

Further, PPG's allegation that the abutting property owners may seek ways to avoid the state court decisions cannot be impugned to the defendants. While PPG alleges that the defendants intend to circumvent the state court orders in the future, conjecture about future conduct cannot support PPG's present claim that the defendants' conduct "shocks the conscience." Id. at 830. Therefore, PPG has "failed to establish a plausible violation of [its] constitutional right to substantive due process." Clark, 514 F.3d at 113.

### 2. Procedural Due Process

To recover for a procedural due process violation under the Fourteenth Amendment, the plaintiff must prove: (a) that a protected property right exists; "(b) [that the] governmental action with respect to that property right amounts to a deprivation; and (c) [that] the deprivation, if one be found, was visited upon the plaintiff without due process of law."  Fusco v. Connecticut, 815 F.2d 201, 205 (2d Cir. 1987); Jeneski v. City of Worcester, 476 F.3d 14, 17 (1st Cir. 2007).  Regarding the latter requirement, the Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984); Decker v. Hillsborough County Attorney's Office, 845 F.2d 17, 22 (1st Cir. 1988) ("[T]he deprivation could not be said to be without due process unless no effective state remedy were available." (citing Hudson, 468 U.S. at 533)).

PPG cites to Roy v. Augusta, 712 F.2d 1517 (1st Cir. 1983), as a case presenting similar facts, in which the First Circuit found that the plaintiff's § 1983 procedural due process claim survived a motion to dismiss.  The plaintiff in Roy was given an

expired, invalid renewal license to operate his pool hall following decisions by the Maine courts ordering the defendants to renew his license.  712 F.2d at 1522.  He applied for a current license, but while his application was pending, he had to convey the pool hall to the mortgagees to avoid foreclosure.  The defendants then denied his application on the ground that he "lacked a sufficient property interest in the premises."  Id. at 1520.  The court found that the plaintiff had a property interest in the license given the state courts' decisions, that the defendants had "'tak[en]' his property in derogation of the process afforded by the state," and that due to special circumstances, the plaintiff no longer had recourse in the state courts.  Id. at 1523–24,; see also Chiplin Enters. v. City of Lebanon, 712 F.2d 1524, 1528 (1st Cir. 1983).

Assuming, without deciding, that PPG has been deprived of a protected property interest in the buffer, PPG has failed to allege facts which show it was denied due process.  PPG has not alleged that recourse in the state courts is unavailable to enforce the buffer requirement.  PPG filed numerous actions in the state courts, and according to PPG's complaint, prevailed in those proceedings.  PPG now claims that Wells Fargo and Halcyon have not complied with the court orders, that the defendants have failed to enforce the orders, and that PPG was therefore required

to file motions for contempt in the state courts.  Based upon these allegations, not only is recourse available in the state courts, but PPG is currently pursuing it.

PPG has failed to establish that no effective state remedy is available.  PPG's procedural due process claim is thus distinguishable from the plaintiff's claim in Roy, where recourse in the state courts was no longer available.  See Decker, 845 F.2d at 22 (distinguishing Roy where it appeared plaintiff may "ultimately achieve some effective relief" in the state courts). Therefore, PPG has "failed to establish a plausible violation of [its] constitutional right to [procedural] due process."  Clark, 514 F.3d at 113.

### B.   Federal Claims against the Town

The defendants also seek dismissal of the § 1983 claims against the town on the ground that PPG has failed to prove the town acted pursuant to "official municipal policy" or custom. Collins v. City of Harker Heights, 503 U.S. 115, 121 (1992). Given the court's dismissal of all federal claims against all defendants, this argument need not be addressed.

II.  State Law Claims

PPG failed to state federal claims upon which relief may be granted, and these claims are therefore dismissed.  Given the court's dismissal of the PPG's federal claims, the court declines to exercise supplemental jurisdiction over its state law claims.  See Marrero-Gutierrez v. Molina, 491 F.3d 1, 7 (1st Cir. 2007).  The court will not address, therefore, the defendants' res judicata argument as it applies to PPG's state law claims.

## Conclusion

For the foregoing reasons, the defendants' motion to dismiss (document no. 15) is granted as to the plaintiff's federal claims and is denied as to the state law claims for lack of jurisdiction.  The clerk shall enter judgment in favor of the defendants as to the federal claims and remand the remaining claims to the Rockingham Superior Court.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

November 18, 2008

cc:  R. Matthew Cairns, Esquire
     John P. Griffith, Esquire